[Cite as *Oyler v. Oyler*, 2011-Ohio-4390.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| MICHAEL J. OYLER | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00065 |
| HEIDI K. OYLER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Civil appeal from the Stark County Court of
                               Common Pleas, Family Court Division,
                               Case No. 2009DR00463

JUDGMENT:                      Affirmed in part and Vacated and
                               Remanded in part

DATE OF JUDGMENT ENTRY:        August 29, 2011

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

DAVID S. AKE                           HEIDI K. OYLER
101 Central Plaza South, Ste. 600      3718 Moonbeam Circle N.W.
Canton, OH  44702                      Canton, OH  44708

*Gwin, P.J.*

{¶1} Defendant-appellant Heidi K. Oyler appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which granted a divorce to appellant and plaintiff-appellee Michael Oyler, allocated parental rights and responsibilities, and divided the marital assets between the parties. Appellant assigns twelve errors to the trial court:

{¶2} "I. THE COURT ERRED IN GIVING SOLE CUSTODY TO FATHER, MICHAEL J. OYLER WITHOUT GIVING REASON NOR (sic) SHOWING EVIDENCE IN THE FINDINGS OF FACT TO REMOVE THE ALLOCATED PARENTAL RIGHTS FROM THE MOTHER.  THUS, THE COURT'S ULTIMATE ERR (sic) IS IN NOT SAFE-GUARDING THESE CHILDREN BY GRANTING CUSTODY TO THE FATHER.

{¶3} "II. THE COURT ERRED BY NOT FOLLOWING A COURT ORDER TO HAVE THE GAL, SUSAN HULIT-BURNS SUPPLEMENT HER FINAL REPORT AFTER HEARING HEIDI K. OYLER'S TESTIMONY.

{¶4} "III. THE COURT ERRED BY FAILING TO GIVE M S O (AGE 14) AN IN-CAMERA INTERVIEW WITH JUDGE DAVID STUCKI AS ORDERED BY THE COURT.

{¶5} "IV. THE COURT ERRED BY TAKING THE PARTIES' CHILDREN FROM THEIR MOTHER BY A NO-CONTACT ORDER WITHOUT DUE PROCESS IN DECEMBER 2009.

{¶6} "V. THE COURT ERRED IN NOT ALLOWING INTERIM ORDERS TO BE SET FOR CHILD SUPPORT NOR (sic) SPOUSAL SUPPORT DURING THE TWO YEAR DIVORCE TRIAL.

**{¶7}** "VI. THE COURT ERRED BY INTERFERING WITH CIVIL RIGHTS BY ORDERING THE PARTIES' CHILDREN TO GO TO PUBLIC SCHOOL WHILE THEY WERE BEING HOME-SCHOOLED, LEGALLY AND PROPERLY REGISTERED.

**{¶8}** "VII. THE COURT ERRED IN ADOPTING THE RECOMMENDATIONS OF THE GAL, ATTORNEY SUSAN HULIT-BURNS AND PSYCHOLOGIST, DR. MARK G. TULLY AFTER BEING MADE AWARE OF THEIR INVESTIGATIONS WITH THE SUPREME COURT OF OHIO AND THE OHIO STATE BOARD OF PSYCHOLOGY AND AFTER THE DEFENDANT'S TESTIMONY OF THEIR UNETHICAL AND BLATANT MISCONDUCT.

**{¶9}** "VIII. THE COURT ERRED IN DISMISSING ALL HEARINGS WHICH WERE GRANTED BY MOTION TO DEFENDANT: TWO (2) CONTEMPT OF COURT CHARGES, DISCOVERY, AN IMMEDIATE REVIEW AND A TEMPORARY SUSPENSION OF VISITATION. ALL OF WHICH NEVER TOOK PLACE.

**{¶10}** "IX. THE COURT ERRED IN NOT GRANTING DEFENDANT HER SHARE OF EQUITY IN THE MARITAL PROPERTY. ALSO, ERR (sic) OCCURRED IN NOT REQUIRING PLAINTIFF TO PAY FOR INDEBTEDNESS CAUSED BY HIS LACK OF CONTRIBUTION TO HIS FAMILY.

**{¶11}** "X. THE COURT ERRED BY NOT REQUIRING PLAINTIFF TO PAY ONE HALF OF INCOME TAX REFUNDS RETAINED EXCLUSIVELY BY PLAINTIFF FOR TAX YEARS 2008 AND 2009.

**{¶12}** "XI. THE COURT ERRED IN NOT ALLOWING DEFENDANT TO TESTIFY IN THE JULY, 2010 TRIAL. WHEREAS THE COURT ALLOWED THE PLAINTIFF TO TESTIFY.

{¶13} "XII. THE COURT ERRED IN NOT RETURNING THE DEFENDANT'S NAME BACK TO ITS ORIGINAL STATE: HEIDI KITRINKA HICKMAN."

{¶14} The record indicates the parties were married in 1995 and produced three children, all minors at the time of the final trial. Appellee also adopted appellant's two children from a prior marriage; these children are emancipated.

{¶15} Our standard of reviewing decisions of a domestic relations court is generally the abuse of discretion standard, see *Booth v. Booth* (1989), 44 Ohio St. 3d 142, 541 N.E.2d 1028.  The Supreme Court made the abuse of discretion standard applicable to alimony orders in *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 450 N.E.2d 1140; to property divisions in *Martin v. Martin* (1985), 18 Ohio St. 3d 292, 480 N.E.2d 1112 ; to custody proceedings in *Miller v. Miller* (1988), 37 Ohio St. 3d 71, 523 N.E.2d 846; and to decisions calculating child support, see *Dunbar v. Dunbar*, 68 Ohio St. 3d 369, 533-534, 1994-Ohio-509, 627 N.E. 2d 532. The Supreme Court has repeatedly held the term "abuse of discretion" implies the court's attitude is unreasonable, arbitrary or unconscionable, *Blakemore*, supra, at 219. When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, *Pons v. Ohio State Med. Board*, (1993), 66 Ohio St.3d 619, 621 614 N.E.2d 748.

III.

{¶16} In her third assignment of error, appellant argues the trial court erred in failing to interview the party's fourteen year old son in-camera.

{¶17} R. C. 3109.04 as in effect when this case was tried provides the court may in its discretion, or, if requested by either party, shall conduct an interview in chambers

with any or all of the children. The court may consider the wishes and concerns of the child as expressed in the interview as a factor in allocating parental rights. Appellant moved the court to conduct an in camera interview with the fourteen year old, and the court sustained the motion without scheduling the interview.

{¶18} The record does not demonstrate the interview ever took place, although it also does not indicate that the issue was brought to the trial court's attention. Use of the word "shall" indicates the legislature intended the interview to be mandatory if requested by the parties. See, e.g., *Bauer v. Bauer* (June 30, 1997), Warren App. No. CA97-01-003. We find the court erred in not interviewing the child in camera.

{¶19} The third assignment of error is sustained. The court's determination of parental rights and responsibilities is vacated.

I.

{¶20} In her first assignment of error, appellant urges the trial court erred in naming appellee the residential parent of the children, and did not make findings of fact to justify its decision. She urges the court's determination is against the manifest weight of the evidence.

{¶21} The trial court ordered the parties to submit proposed findings of fact and conclusions of law, but the court did not adopt either proposal and made few findings in its judgment entry. The court specifically found it was in the best interest of the children that appellee be granted custody of the minor children. It does not appear either party moved the court for further findings of fact and conclusions of law. However, the court should not have journalized a final decision regarding which parent should be the residential parent until it had interview the child, see III supra.

{¶22} The first assignment of error is premature because we vacate the court's decision.

II.

{¶23} In her second assignment of error, appellant notes at the final hearing, the court directed the guardian ad litem to supplement her report after hearing appellant's testimony. The record does not contain any reports filed after the hearing.

{¶24} Appellant submitted a DVD of a concert appellee permitted the children to attend. She alleged the concert was inappropriate and dangerous. The court received the DVD into evidence, and submitted it to the guardian after the hearing. The court stated it would listen to the guardian ad litem, and if she believed the court should reconvene at some later point, the court would consider doing so. The court also noted the guardian ad litem was supposed to be coming back to the hearing, but the partial transcripts before us do not show she was called to testify further. Appellant did not ask the court to continue the hearing until the guardian ad litem was able to review the DVD.

{¶25} The trial court heard appellant's testimony and accepted the DVD. It entered its final judgment without a supplemental report from the guardian ad litem, and we must presume the court concluded the guardian's input was unnecessary.

{¶26} The second assignment of error is overruled.

IV.

{¶27} In her fourth assignment of error, appellant argues the trial court erred in entering a no-contact order without due process in December 2009.

{¶28} On December 14, 2009, the trial court referred the matter to the Stark County Department of Job & Family Services regarding allegations of abuse, neglect

and dependency, based in part on the guardian ad litem's report citing serious concerns by and about both parents. The court found the guardian ad litem was required by law to refer the matter to the Job & Family Services for investigation. The court further stated: "Given that these parties have not complied with the orders made to safeguard these children, neither party shall have any contact with these children pending further court order." The trial court set a review of the no-contact order for December 23, 2009, at 8:30 a.m., and noted the parties' rights pursuant to R.C. 2705.

**{¶29}** On December 24, 2009, after the investigation, the trial court lifted the no-contact order as to appellant. We conclude the court accorded appellant due process consistent with its obligation to safeguard the children.

**{¶30}** The fourth assignment of error is overruled.

V.

**{¶31}** In her fifth assignment of error, appellant argues the trial court erred in not setting interim orders for child support and spousal support during the two years the matter was pending before the court.

**{¶32}** On May 9, 2009, a magistrate conducted a hearing on child support and spousal support. The magistrate issued no support orders, finding neither party was employed. Appellant did not object to the magistrate's report, nor did she move for a modified interim order at a later time. We find appellant waived any error. See Civ. R. 53(D)(3)(iv).

**{¶33}** The fifth assignment of error is overruled.

VI.

{¶34} In her sixth assignment of error, appellant argues the trial court interfered with the parties' rights in ordering that the children be sent to public school instead of being home schooled.

{¶35} As an initial matter, we note the final judgment entry of divorce in this instance does not specifically set forth any orders regarding the home school/public school issue raised by appellant. While the issue may have been part of the trial court's temporary orders, such orders must generally be treated as having been merged into the final decree. See, e.g., *Colom v. Colom* (1979), 58 Ohio St. 2d 245, syllabus. As such, there appears to be no final mandate from the trial court requiring public school enrollment for any of the children, as appellant maintains.

{¶36} Moreover, the general rule in Ohio is that the custodial parent may choose the schools to which he or she will send the children of the marriage. See *Lawson v. Lawson,* Lawrence App. No. 01Ca25, 2001-Ohio-2640, citing *Smith v. Smith* (December 28, 1999), Franklin App. No. 98AP1641. Under the circumstances of the present appeal, our sustaining of the third assignment of error renders any issue of school choice premature, as the results of the in camera interview may alter the trial court's decision concerning custody.

{¶37} The sixth assignment of error is overruled.

VII.

{¶38} In her seventh assignment of error, appellant argues the trial court erred in adopting the recommendations of the guardian ad litem and the psychologist because appellant testified about their blatantly unethical behavior and misconduct.

**{¶39}** Appellant filed a formal complaint with the Office of Disciplinary Counsel of the Ohio Supreme Court, stating the guardian ad litem's reports and recommendations were negligent, and her behavior was willful and reckless. Appellant also filed a formal complaint with the Ohio State Board of Psychology, alleging the court-appointed psychologist's report and recommendations are false, fraudulent, deceitful, unethical, unprofessional and misrepresentative in the practice of psychology. The record does not inform this court how the grievances were resolved. However, this court could not find in the extensive record whether appellant actually moved the court to strike any of the reports or to remove either the guardian ad litem or the court's psychologist and replace them others. She did not secure an expert to challenge their recommendations.

**{¶40}** It is well-established that a trial court is presumed to know the applicable law and apply it accordingly. See *Bush v. Signals Power & Grounding Specialists, Inc.*, Richland App. No. 08 CA 88, 2009–Ohio–5095, at paragraph 17. Further, in a bench trial, the trial court is presumed to consider only reliable, relevant, and competent evidence unless it affirmatively appears to the contrary. *State v. Bays* (1999), 87 Ohio St.3d 15, 28, 716 N.E.2d 1126, citations deleted. The questions of weight and credibility of evidence are left to the discretion of the trial court. See *Seasons Coal v. City of Cleveland* (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273. We must assume the court was mindful of appellant's challenges when determining the weight and credibility to give to the reports of the psychologist and guardian ad litem.

**{¶41}** We find no error in admitting the testimony and reports, but the court should have interviewed the 14 year old child before evaluating the evidence and determining which party should be the residential parent. See III supra.

{¶42} The seventh assignment of error is overruled as to admitting the evidence and premature as to adopting the recommendations.

VIII.

{¶43} In her eighth assignment of error, appellant argues the trial court dismissed two contempt of court charges, a request for discovery, a motion for immediate review, and a motion for temporary suspension of visitation.

{¶44} The record indicates some motions had already been litigated, and other motions were dismissed for failure to prosecute, because appellant did not accomplish service. We find based on the record, the trial court did not err in dismissing the various motions.

{¶45} The eighth assignment of error is overruled.

IX.

{¶46} In her ninth assignment of error, appellant argues the trial court did not grant her a share of equity in a marital property, and did not require appellee to pay for the indebtedness caused by his lack of contribution to his family during the pendency of the divorce.

{¶47} On August 28, 2009, appellee purchased appellant's share of the equity in the marital residence. The final entry of divorce ordered that appellee should receive the marital home subject to any mortgage.

{¶48} The parties had their personal property appraised. The trial court attached to its judgment entry an extensive list of the parties' assets and debts, and assigned each to either the appellant or appellee. It ordered appellee to pay to the appellant $3,140.50 in order to equalize the division of assets.

**{¶49}** Appellant urged the court to allocate more of the debt to appellee because, she alleged, he willfully failed to assist in the support of the family during the pendency of the divorce. However, there was no interim order of support, see V., supra. A trial court has discretion to fashion an equitable division of property, and the Ohio Supreme Court has reminded us "equitable" is not necessarily "equal". *Kaechele v. Kaechele* (1988), 35 Ohio St. 3d 93, 95, 518 N.E.2d 1197. The court's entry indicates it attempted to divide the assets and debts of the marriage evenly between the parties. We find the trial court did not err.

**{¶50}** The ninth assignment of error is overruled.

X.

**{¶51}** In her tenth assignment of error, appellant argues the trial court erred in not requiring appellee to give her half of the income tax refunds for the years 2008 and 2009. Appellee suggests this court cannot review this assignment of error because the transcript of the hearing where the matter was discussed has not been filed.

**{¶52}** The appellant has the obligation to demonstrate the error in the record. Where the record does not demonstrate error, this court presumes the regularity of the proceedings before the trial court. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.

**{¶53}** The tenth assignment of error is overruled.

XI.

**{¶54}** In her eleventh assignment of error, appellant argues the court erred in not permitting her to testify in the July 26, 2010 trial, even though it allowed appellee to testify.

{¶55} The matter was tried over three days, on December 14, 2009, July 26, 2010, and January 25, 2011.  The record does not demonstrate the court refused to allow appellant to testify at the July hearing, and she did testify at various points in the trial.

{¶56} The eleventh assignment of error is overruled.

XII.

{¶57} In her twelfth assignment of error, appellant argues the trial court erred in not restoring her prior name.

{¶58} The record shows appellant brought this matter to the court's attention in her handwritten closing statements submitted after trial.  Her statement indicates the appellee had disparaged her good name, and she asked the court to restore her name and her reputation as well, by crafting a "creative" judgment.

{¶59} We agree with appellant the court should have restored her name, and we sustain the twelfth assignment of error.

{¶60} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed in part, and vacated as to the determination of which party should be the residential parent. The court must also restore appellant's former name. The matter is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

WSG:clw 0719

_____

HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

MICHAEL J. OYLER             :

                   :

       Plaintiff-Appellee   :

                   :

                   :

-vs-                      :         JUDGMENT ENTRY

                   :

HEIDI K. OYLER              :

                   :

                   :

       Defendant-Appellant  :        CASE NO. 2011-CA-00065

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed in part and vacated as to the determination of which party should be the residential parent. The court must also restore appellant's former name. The cause is remanded to the court for further proceedings in accord with law and consistent with our opinion.  Costs to be split between the parties.

 

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. JULIE A. EDWARDS