[Cite as *Dorsey v. Dorsey*, 2013-Ohio-3594.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JILL DORSEY | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| JAMES DORSEY, JR. | : | Case No. 2013CA00027 |
| | : | |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court
of Common Pleas, Family Court
Division, Case No. 2008DR00328



JUDGMENT:                    Affirmed



DATE OF JUDGMENT:            August 19, 2013



APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

JEFFREY R. JAKMIDES                     THERESA T. TOLSON
JOHN T. JAKMIDES                        18495 Fifth Street
325 E. Main Street                      Beloit, OH 44609
Alliance, OH 44601

*Baldwin, J.*

{¶1}     Appellant Jill Dorsey appeals a judgment of the Stark County Common Pleas Court, Family Court Division, overruling her motion to allocate all of the guardian ad litem fees incurred in the instant case to appellee James Dorsey, Jr.

### STATEMENT OF FACTS AND CASE

{¶2}     The parties were divorced on May 6, 2009.  The parties have three minor children.   Appellee filed a motion to modify companionship, child support, and the tax exemption for the children on November 15, 2011.  On February 24, 2012, appellant filed a motion to terminate visits.  A guardian ad litem was appointed by the court. Appellant was ordered to deposit $1,000 for guardian fees, and additional fees were to be paid 75% by appellant and 25% by appellee.

{¶3}     On March 15, 2012, appellant filed a motion for a civil protection order, which was dismissed.  A no contact order was issued which required appellee to attend Voyager and communicate through Family Wizard.

{¶4}     Appellee was charged with domestic violence on July 2, 2012. The victim was the parties' minor daughter.   On July 23, 2012, the parties agreed to suspend appellee's visitation, but he was allowed telephone contact with the youngest child.  The guardian ad litem filed her report on August 8, 2012, recommending that visits with appellee remain suspended, telephone contact between appellee and the youngest child be terminated, and all three children attend counseling.

{¶5}     The parties appeared before the court for a hearing on August 15, 2012. Appellee moved to withdraw his motion filed on November 15, 2011.  The matter proceeded to a hearing on appellant's motion to terminate visits.  Appellee moved to

continue the case pending resolution of his domestic violence charge in Alliance Municipal Court and a pending investigation concerning sexual abuse. Appellee ultimately pled no contest to a reduced charge, and the sexual abuse allegation was found to be unsubstantiated.

{¶6} On September 11, 2012, the guardian moved for an additional deposit. The parties were each ordered to deposit $500. Appellant paid her initial deposit of $1,000 plus the additional deposit of $500. Appellee paid nothing. Based on the guardian's statement of accounting filed with the court, appellant has outstanding guardian ad litem fees of $2,732.50 and appellee of $1,077.50.

{¶7} Appellant moved to have all of the guardian's fees assessed to appellee, arguing that the fees were caused by appellee's actions. She argued that she was required to pay for counseling for the children, as well as litigation costs, due to appellee's behavior.

{¶8} After a hearing, the magistrate recommended that appellant's motion to have guardian ad litem fees allocated solely to appellee be overruled, and that appellee's visitation be suspended pending further order of the court. The magistrate found that after the initial motion filed by appellee in November of 2011, all subsequent litigation was due to appellant's motion concerning visitation. The magistrate also found that in September of 2012, counsel for appellee sent appellant's counsel a letter stating that appellee was "giving up" and requested a proposal to resolve all issues. The magistrate found that no extraordinary circumstances were presented to deviate from the initial order dividing fees 75% to appellant and 25% to appellee.

{¶9} Appellant assigns a single error on appeal:

{¶10}   THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOCATING THE MAJORITY OF THE GUARDIAN AD LITEM FEES TO MOTHER.   MOTHER WAS FORCED TO REQUEST THE COURT'S INTERVENTION DUE TO FATHER'S CONTINUOUS EGREGIOUS BEHAVIOR, INCLUDING AN ADMITTED ASSAULT OF THE PARTIES' YOUNGEST DAUGHTER.   AS SUCH, HE SHOULD BE REQUIRED TO PAY THE COSTS ACCRUED DUE TO HIS HEINOUS CONDUCT.

{¶11}   The trial court has discretion over the allocation of guardian ad litem fees to either or both of the parties. *Davis v. Davis*, 55 Ohio App.3d 196, 200, 563 N.E.2d 320 (1988).   Fees may be allocated based on the parties' litigation success, and the parties' economic status.   *Id.*   In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶12}   The record reflects that appellant earned more money than appellee. While she argued that she had to pay for counseling for the children, the magistrate found that she had failed to present these medical bills as required by law so that appellee would be required to pay his share.   While appellee initiated the litigation with his motion filed November 15, 2011, all subsequent litigation was due to appellant's motion to suspend visitation.    While appellee did plead no contest to a charge of domestic violence as a fourth degree misdemeanor for an incident involving the parties' younger daughter, sexual abuse allegations raised by the older daughter were found to be unsubstantiated.   The trial court did not abuse its discretion in allocating the guardian ad litem's fees 75% to appellant and 25% to appellee.

{¶13}   The assignment of error is overruled.  The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.  Costs assessed to appellant.

By: Baldwin, J.

Farmer, P. J. and

Wise, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

CRB/rad

[Cite as *Dorsey v. Dorsey*, 2013-Ohio-3594.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JILL DORSEY | : | |
| | : | |
| Plaintiff -Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES DORSEY, JR. | : | |
| | : | |
| Defendant – Appellee | : | CASE NO. 2013CA00027 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Family Court Division is affirmed. Costs assessed to appellant.


_____
HON. CRAIG R. BALDWIN


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE