[Cite as *Oyler v. Oyler*, 2014-Ohio-3468.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| MICHAEL OYLER | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2014CA00015 |
| HEIDI OYLER (LANCASTER) | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil appeal from the Stark County Court of
Common Pleas, Family Court Division,
Case No.  2009DR00463

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    August 11, 2014

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DAVID AKE                                 HEIDI OYLER  PRO SE
MARTIN GOLDSMITH                          1421 E. Valentine Circle N.W.
301 First Merit Building                  Canton, OH  44708
4481 Munson Street N.W.
Canton, OH 44718

*Gwin, P.J.*

{¶1} Defendant-appellant Heidi K. Oyler appeals a judgment of the Court of Common Pleas, Family Court Division, of Stark County, Ohio filed January 9, 2014 overruling objections she filed December 10, 2013 to the decision of the magistrate that dismissed her pending motions.

### Facts and Procedural History

{¶2} The record indicates the parties were married in 1995 and produced three children, all minors at the time of the final trial. Appellee also adopted appellant's two children from a prior marriage; these children are emancipated.

{¶3} The trial court granted a divorce to appellant and plaintiff-appellee Michael Oyler, allocated parental rights and responsibilities, and divided the marital assets between the parties. Appellant appealed, and this Court affirmed in part, vacated in part and remanded the matter to the trial court. See, *Oyler v. Oyler,* 5th Dist. Stark No. 2011-CA-00065, 2011-Ohio-4390 [*Oyler I*]. This Court remanded the case 1). To restore the appellant her maiden name; 2). To interview the eldest minor child of the parties and 3). To journalized a final decision regarding which parent should be the residential parent after the trial court had interviewed the parties' child in camera.

{¶4} By Judgment Entry filed March 8, 2012, the trial court acknowledged that appellant's maiden name was restored by Judgment Entry filed October 5, 2011. The trial court further noted that it had interviewed the child in camera with the guardian ad litem present on October 18, 2011. The court once again designated appellee the residential parent and legal custodian of the parties' minor children. No appeal was taken from the trial court's decision.

{¶5}   On September 9, 2013, appellant filed a motion for ex parte orders, motion for in camera interview of minor children, motion requesting a new guardian ad litem, and a motion to grant temporary custody to appellant. Appellant's motion for ex parte orders was denied and the remaining motions were set for hearing on September 17, 2013.

{¶6}   At the September 17, 2013 hearing, the magistrate appointed Susan Burns as the guardian ad litem. The magistrate further ordered appellant to deposit $1,500.00 toward the payment of the guardian ad litem fees within 21 days. The entry specifically cautioned "** Failure to comply with this order may result in dismissal of the motion or petition before the Court or other sanction." The remaining motions were set for hearing on November 12, 2013. No objection was filed to the magistrates order.

{¶7}   At the November 12, 2013 hearing, appellant was given additional time until November 19, 2013 to pay the deposit toward the guardian ad litem fees that had been ordered on September 17, 2013. The magistrate's Judgment Entry explicitly cautioned,

> DEFENDANT TO PAY THE PREVIOUSLY ORDERED GAL FEES
>
> ON OR BEFORE 11/19/13; IF NOT PAID MATTER WILL BE DISMISSED
>
> FOR FAILURE TO PROSECUTE...

{¶8}   Appellee's Motion to Dismiss and Appellee's Motion for Attorney's fees were continued until November 26, 2013. No objection to the magistrate decision was filed.

{¶9}   At the hearing held November 26, 2013, the magistrate found appellant had failed to make the deposit for the guardian ad litem fees. He ordered the matter dismissed for failure to prosecute and awarded appellee $1,000.00 in attorney's fees.

{¶10}   Appellant filed her Objection to the Magistrates decision on December 11, 2013. The trial court scheduled a hearing on January 6, 2014. By Judgment Entry filed January 9, 2014, the trial court overruled appellant's objections and adopted the magistrate's findings and conclusions.

### Assignments of Error

{¶11}   Appellant raises six assignments of error,

{¶12}   "I. THE COURT ERRED IN NOT EXERCISING DUE PROCESS NOR SHOWN DUE DILIGENCE IN THE COURT'S REFUSAL TO INVESTIGATE THE COURT-APPOINTED GUARDIAN AD LITEM, SUSAN HULIT-BURNS. THREE (3) FORMAL COMPLAINTS WERE MADE BY THE DEFENDANT, HEIDI K. LANCASTER (OYLER) BUT THE COURT REFUSED TO FOLLOW RULE 48 OF THE RULES OF THE SUPERINTENDENCE OF COURTS OF OHIO.

{¶13}   "II. THE COURT ERRED BY DENYING DEFENDANT'S REQUEST FOR A NEW GAL IN HER MOTION OF THE SAME. DEFENDANT'S REQUESTS WERE MADE REPEATEDLY ON THE GROUNDS OF A PENDING INVESTIGATION OF THE GAL, SUSAN HULIT-BURNS. THIS COURT'S ULTIMATE ERR IS NOT SAFEGUARDING THE PARTIES MINOR CHILDREN BY NOT CONDUCTING AN INVESTIGATION AFTER REPEATED PLEAS FROM THE DEFENDANT, HEIDI F. LANCASTER.

{¶14} "III. THE COURT ERRED BY NOT GRANTING DEFENDANT'S REQUEST FOR TEMPORARY CUSTODY OF PARTIES' MINOR CHILDREN IN HER MOTION OF THE SAME, WHILE AN INVESTIGATION TAKES PLACE. REPORTS WERE MADE BY DEFENDANT FROM THE PARTIES' MINOR CHILDREN OF ABUSE AND NEGLECT. THE COURT WAS MADE AWARE REPEATEDLY. ONCE AGAIN, THIS COURT DID NOT SAFE-GUARD [SIC.] THESE CHILDREN BY REFUSING TO EXERCISE DUE DILIGENCE IN REMOVING THEM AFTER REPORTS WERE MADE BY THESE CHILDREN AGAINST PLAINTIFF.

{¶15} "IV. THE COURT ERRED IN IT'S [SIC.] REFUSAL TO GRANT DEFENDANT'S REQUEST FOR AN IN-CAMERA INTERVIEW OF PARTIES THREE MINOR CHILDREN, MICHAEL SHALOM DOB 4/26/1996 (AGE 17); ARI'EL SIMCHA DOB 10/10/2004 (AGE 9); AND JADIN JAMES DOB 2/17/2006 (AGE B) IN DEFENDANT'S MOTION OF THE SAME. PARTIES' CHILDREN ARE REQUESTING TO SPEAK WITH THE JUDGE.

{¶16} "V. THE COURT ERRED IN IT'S [SIC.] ABUSE OF DISCRETION WITH IT'S [SIC.] FAILURE TO EXERCISE SOUND, REASONABLE AND LEGAL DECISION-MAKING. THE COURT DISPLAYED A PRECONCEIVED PREJUDICE AGAINST DEFENDANT WITH A WANTON DISREGARD FOR DEFENDANT'S CIVIL AND CONSTITUTIONAL RIGHTS.

{¶17} "VI. THE COURT ERRED IN ORDERING PLAINTIFF'S ATTORNEY FEES TO BE PAID BY THE DEFENDANT IN THE AMOUNT OF ONE THOUSAND DOLLARS ($1,000.00). DEFENDANT FILED A MOTION TO OBJECT, CITING THAT THIS IS UNREASONABLE AND UNMERITED."

### Pro se Appellants

**{¶18}** Initially, we must note a deficiency in appellant's appellate brief. That is, appellant's appellate brief does not comply with App.R. 16(A)(7), which provides,

> The appellant shall include in its brief, under the headings and in the order indicated, all of the following: * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶19}** We understand that appellant has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. See, also, *State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

**{¶20}** Also, in *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio

App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, *quoting Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts in both parties' brief that are outside of the record.

{¶21} In the interests of justice, we shall attempt to consider appellant's assignments of error.

I, II, III & IV.

{¶22} Because we find the issues raised in appellant's first, second, third and fourth assignments of error are closely related, for ease of discussion we shall address the assignments of error together.

***Failure to timely object***

{¶23} We first must address appellant's failure to timely file objections to the magistrate's decision of September 17, 2013 and appellant's failure to present a transcript to the trial court for its review of appellant's objections to the magistrate's decision. Appellant filed the transcripts of the hearings in this court with her appeal. The trial court never had the opportunity to review the transcript when considering appellant's objections to the magistrate's decision.

{¶24}  Civ. R. 53 deals with matters referred to magistrates. Civ. R. 53(D) states in relevant part,

(2) *Magistrate's order; motion to set aside magistrate's order.*

(a) *Magistrate's order.*

* * *

(b) *Motion to set aside magistrate's order.* Any party may file a motion with the court to set aside a magistrate's order. The motion shall state the moving party's reasons with particularity and shall be filed not later than ten days after the magistrate's order is filed. The pendency of a motion to set aside does not stay the effectiveness of the magistrate's order, though the magistrate or the court may by order stay the effectiveness of a magistrate's order.

* * *

(3) *Magistrate's decision; objections to magistrate's decision.*

* * *

(b) Objections to magistrate's decision.

(i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

(ii) Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.

(iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

(iv) Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶25}** In the case at bar, the magistrates' Judgment Entry overruling appellant's motion for a new GAL and ordering appellant to deposit $1,500.00 toward the payment of the guardian ad litem fees was filed September 18, 2013. In *Harvey v. Hwand,* 103 Ohio St.3d 16, 2004-Ohio-4112, 812 N.E.2d 1275, the Ohio Supreme Court reiterated,

Our holding is also consistent with our decision in *Duganitz v. Ohio Adult Parole Auth.* (2001), 92 Ohio St.3d 556, 557, 751 N.E.2d 1058. We there held that Civ.R. 6(E) does not apply to extend the time to file objections to a magistrate's decision issued pursuant to Civ.R. 53(E). Civ.R. 53(E) provides a party with the opportunity to file written objections to a magistrate's decision "within fourteen days of the filing of the decision." Civ.R. 53(E)(3)(a).

Id. at ¶17. Thus, appellant had until September 28, 2013 to file a motion to set aside the magistrate's decision. She did not as the trial court noted in its Judgment Entry filed January 9, 2014. Appellant had until October 2, 2013 to file her objection to the magistrate's appointment of the GAL and the magistrate's order that appellant deposit $1,500.00 toward the payment of the guardian ad litem fees. Appellant did not file an objection until November 26, 2013, 70 days after the September 18, 2013 decision of the magistrate.

### *Failure to file a transcript in the trial court*

**{¶26}** In addition, as noted by the trial court, appellant failed to provide a transcript of the magistrate's hearings with her objections filed November 26, 2013.

**{¶27}** This Court has held, "where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal." *Doane v. Doane*, 5th Dist. Guernsey No. 00CA21, 2001 WL 474267(May 2, 2001); *State v. Leite*, 5th Dist. Tuscarawas No.1999AP090054, 2000 WL 502819(Apr. 11, 2000); *Fogress v. McKee*, 5th Dist. Licking No. 99CA15,1999 WL 668580(Aug. 11, 1999); and

*Strunk v. Strunk*, 5th Dist. Muskingum No. CT96-0015, 1996 WL 787981(Nov. 27, 1996). When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 1995-Ohio-272.

{¶28} Accordingly, we review appellant's assignments of error only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts. *He v. Zeng*, 5th Dist. Licking No. 2009-CA-00060, 2010-Ohio-2095, ¶23.

{¶29} We find no abuse of discretion in the trial court's approval and adoption of the magistrate's decision. Appellant failed to timely object and to file a transcript from the September 17, 2013 decision of the magistrate. Further, the magistrate specifically warned appellant that her motions would be dismissed if she did not comply with the order to deposit $1,500.00 toward the payment of the guardian ad litem fees. The magistrate then afforded appellant the opportunity to comply with the order by continuing the hearing for two weeks. The magistrate did not dismiss the appellant's motions until November 27, 2013.

{¶30} The Ohio Rules of Civil Procedure provide, "[w]hen it is essential to protect the interests of a child, the court may * * * appoint a guardian ad litem * * * for the child and tax the costs." Civ.R. 75(B)(2).

{¶31} In the case at bar, appellant never claimed that she was indigent and unable to comply with the magistrate's order. Appellant did not claim the amount of the

deposit was unreasonable; rather she simply refused to pay the deposit because she wished to have a different person appoint as GAL.

**{¶32}** This Court has previously observed,

Civil Rule 41(B)(1) permits a trial court to sua sponte dismiss a cause of action if the plaintiff fails to prosecute or comply with the Civil Rules or any court order. This rule has been applied by other courts of appeal to situations in which a plaintiff has failed to provide security costs after being ordered to do so. *Sullivan-Busman v. TRW* (May 16, 1991), Cuyahoga App. No. 58432, unreported; *Smith v. Ohio Department of Rehabilitation and Correction* (1995), 107 Ohio App.3d 713. Appellate review of such a dismissal pursuant to Civ. R. 41(B)(1) involves a determination of whether the court abused its discretion. *Williams v. Banner Buick, Inc.* (1989), 60 Ohio App.3d 128,131 (citing *Sgro v. McDonald's Restaurant* (1984), 21 Ohio App.3d 41; *Apgar v. Lance* (June 27, 1988), Clinton App. No. CA87-12-030, unreported, 1988 WL 66999).

*Latimore v. Ohio Dept. of Jobs and Family Services*, 5th Dist. Stark No. 2001CA00164, 2001-Ohio-1574. The Ohio Supreme Court has sua sponte dismissed appeals for failure to pay the docket fee or file an affidavit of indigency in lieu of the fee. See, *State v. Marshall*, 80 Ohio St.3d 1460, 687 N.E.2d 291(1997).

**{¶33}** A trial judge may consider whether a litigant has caused the court's limited resources to be expended needlessly in the past by filing numerous, repetitious, or frivolous complaints when deciding to tax filing fees and costs. *See, Wilson v. Dept. of Rehab. & Corr.*, 138 Ohio App.3d 239, 243, 741 N.E.2d 152(10th Dist. 2000). Fees may

be allocated based on the parties' litigation success and the parties' economic status. *Karales v. Karales*, 10th Dist. Franklin No. 05AP-856, 2006-Ohio-2963, citing *Davis v. Davis,* 55 Ohio App.3d 196, 563 N.E.2d 320(8th Dist. 1988); *Dorsey v. Dorsey,* 5th Dist. Stark No. 2013CA00027, 2013-Ohio-3594, ¶11. Fees are properly allocated based upon which party caused the guardian ad litem's work. *Karales supra citing Jarvis v. Witter,* 8th Dist. Cuyahoga No. 84128, 2004–Ohio–6628, ¶100, *overruled on other grounds, Siebert v. Tavarez,* 8th Dist. Cuyahoga. No. 88310, 2007–Ohio–2643.

**{¶34}** In addition, many of the appellant's complaints concerning the GAL in the case at bar were the subject of her previous appeal. *See, Oyler I*, ¶38.

**{¶35}** We find no abuse of discretion in the trial court's approval and adoption of the magistrate's decision to dismiss appellant's pending motions for failure to prosecute.

**{¶36}** Appellant's first, second, third and fourth assignments of error are overruled in their entirety.

V.

**{¶37}** After reviewing appellant's brief including her contentions, we have interpreted appellant's fifth assignment of error in the following manner: the trial court was bias against the appellant.

**{¶38}** The record does not support appellant's claim that the trial court "displayed a preconceived prejudice against Defendant with a wanton disregard for Defendant's Civil and Constitutional rights." [Appellant's Brief at 5.]. Appellant does not cite to any page of the transcript where said error occurred.

**{¶39}** App.R. 16(A)(7) states that appellant shall include in his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of

error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."

**{¶40}** An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392-393(1988).

**{¶41}** Because appellant fails to properly reference portions of the record supporting her claim appellant cannot demonstrate the claimed error. See *Daniels v. Santic*, 11th Dist. Geauga No. 2004-G-2570, 2005-Ohio-1101, ¶13-15. See, also, App.R. 12(A)(2) and App.R. 16(A)(7); *Graham v. City of Findlay Police Dept.*, 3rd Dist. Hancock No. 5-01-32, 2002-Ohio-1215 (stating, "[t]his court is not obliged to search the record for some evidence of claimed error. * * * Rather, an appellant must tell the appellate court specifically where the trial court's alleged errors may be located in the transcript"); *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, at ¶ 13; *State ex rel. Petro v. Gold,* 166 Ohio App.3d 371, 2006-Ohio-943(10th Dist.), ¶ 94, *appeal not allowed*, 110 Ohio St.3d 1439, 2006-Ohio-3862, *reconsideration denied*, 111 Ohio St.3d 1418, 2006-Ohio-5083; *Porter v. Keefe*, 6th Dist. Erie No. E-02-018, 2003-Ohio-7267, ¶ 109-113.

**{¶42}** The trial court's actions in the case at bar were the result of appellant's failure to follow the trial court's orders after repeated warnings of the consequences for her non-compliance. A complete review of the record in the case at bar, indicates that appellant's complaints are motivated by her belief that the trial court should have

followed her wishes based upon nothing more than appellant's own unsubstantiated, self-serving and uncorroborated assertions.

**{¶43}** Appellant's fifth assignment of error is feckless.

VI.

**{¶44}** After reviewing appellant's brief including her contentions, we have interpreted appellant's sixth assignment of error in the following manner: the trial court erred in ordering appellant to pay appellee's attorney fees in the amount of $1,000.00.

**{¶45}** Our review of a trial court's decision relative to attorney fees is governed by an abuse of discretion standard. *Howell v. Howell*, 167 Ohio App.3d 431, 2006-Ohio-3038, 855 N.E.2d 533(2nd Dist.). We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 541 N.E.2d 597(1989). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* 5 Ohio St.3d 217, 450 N.E.2d 1140(1983).

**{¶46}** An award of attorney fees lies within the sound discretion of the court, *Rand v. Rand*, 18 Ohio St.3d 356, 481 N.E.2d 609 (1985) and, after a review of the record in the present case, we find the trial court did not abuse its discretion in ordering appellant to pay appellee's attorney fees.

**{¶47}** In this case, appellant's refusal to comply with the magistrate's order resulted in a dismissal of the action. R.C. 3105.73(B) allows the trial court to consider the conduct of the parties when granting or denying a request for attorney fees.

**{¶48}** Under these circumstances, we find that the trial court acted within its discretion under R.C. 3105.73(B) in awarding $1,000.00 for the attorney fees incurred by appellee.

**{¶49}** Appellant's sixth assignment of error is overruled.

## Conclusion

**{¶50}** Appellant's six assignments of error are overruled in their entirety. The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur