[Cite as *In re E.T.*, 2023-Ohio-3367.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE: E.T. | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Andrew J. King, J.<br><br>Case No. 2022 CA 0052<br><br>O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Richland County Court of Common Pleas, Juvenile Division, Case No. 2021 DEP 00181 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | September 21, 2023 |
| APPEARANCES: | |

| | |
|---|---|
| For Appellee | For Appellant |
| TIFFANY D. BIRD<br>Richland County Children Services<br>731 Scholl Road<br>Mansfield, Ohio 44907 | HEIDI C. BACK, pro se<br>35 Holiday Hill<br>Lexington, Ohio 44904 |

*Hoffman, P.J.*

**{¶1}** Appellant H.B. ("Mother") appeals the June 29, 2022 Judgment Entry entered by the Richland County Court of Common Pleas, Juvenile Division, which sustained S.T.'s ("Father") objections to the magistrate's March 8, 2022 Decision. Appellee is Richland County Children Services ("RCCS").[1]

STATEMENT OF THE FACTS AND CASE

**{¶2}** Mother and Father are the biological parents of the Child.[2] In March, 2020, the Child disclosed to Mother K.B., the Child's stepfather, had sexually abused her. Mother contacted the Richland County Sheriff's Office and reported the abuse. An investigation ensued. The Child subsequently recanted her allegations and denied the prior statements she made to a Richland County Sheriff's deputy. RCCS opened a case and provided ongoing services to the family. Based upon a domestic incident in October, 2020, as well as the Child's disclosures, RCCS requested K.B. not reside with the family. Mother advised RCCS she and K.B. were divorcing, and RCCS closed the case.

**{¶3}** On October 6, 2021, RCCS received a report Mother had allowed K.B. to return to the family home. RCCS also learned the Child had disclosed to several friends K.B. had been sexually abusing her, but she could not tell anyone as the family needed K.B. in the home for financial reasons. When the Child was questioned by school staff, she disclosed K.B. was "raping" her. An RCCS caseworker responded to the home, but Mother refused to allow the caseworker to speak with or see the Child and her siblings. Mother also refused to make K.B. leave the home, and refused to agree to a safety plan.

---

[1] RCCS has not filed a brief in this matter.
[2] Father is not a party to this appeal.

Mother instructed the caseworker to leave and not to return unless she had a court order. The same day, the Child was placed in the emergency shelter care of RCCS.

{¶4} The trial court conducted a shelter care hearing on October 7, 2021, and continued custody of the Child with RCCS.  Also, on October 7, 2021, RCCS filed a complaint, alleging the Child was dependent and abused.  In addition, RCCS filed a motion for temporary order of temporary custody, requesting the Child be placed in the temporary custody of Father.  The trial court granted the motion on October 20, 2021.  On November 16, 2021, following Mother and Father's stipulations, the trial court found the Child to be dependent.  RCCS withdrew the allegation of abuse.  On November 24, 2021, the trial court ordered Mother have no contact with the Child other than supervised visitation.

{¶5} Father filed a motion for legal custody on February 8, 2022.  Following a dispositional hearing on February 8, and 15, 2022, the magistrate issued a decision on March 8, 2022, recommending the Child be placed in the legal custody of Father.  Mother did not file objections to the magistrate's decision.  Father objected to the magistrate's decision insofar as it ordered the Child to have overnight visitation with Mother.  Via Judgment Entry filed June 29, 2022, the trial court sustained Father's objections.

{¶6} On April 19, 2022, Mother filed a pro se motion seeking temporary custody of the Child.  On April 20, 2022, Mother filed a pro se motion to introduce evidence in support of her motion for temporary custody.  Mother filed a pro se motion for action on magistrate's decision on May 3, 2022.  Therein, Mother alleged the magistrate "willfully ignored crucial evidence regarding [the Child]."  May 3, 2022 Motion for Action on Magistrate's Decision at p. 1, unpaginated.  On May 3, 2022, the trial court again ordered

Mother have no contact with the Child other than supervised visitation. Mother filed a pro se motion to disqualify the magistrate on May 9, 2022, which the trial court overruled via Judgment Entry filed June 13, 2022.  On June 29, 2022, Mother filed a second pro se motion for action on magistrate's decision.  Via Judgment Entry filed July 22, 2022, the trial court overruled Mother's May 3, 2022, and June 29, 2022 motions for action on the magistrate's decision.

{¶7}  Mother filed a Notice of Appeal from the trial court's June 29, 2022, Judgment Entry.

{¶8}  We begin by noting Mother's Brief fails to comply with App. R. 16, which provides:

**Brief of the Appellant**. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

A table of contents, with page references.

A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

A conclusion briefly stating the precise relief sought.

**{¶9}** Mother's brief does not satisfy the requirements of App. 16(A); therefore, her brief is noncompliant. Compliance with the above-stated rule is mandatory. *Zanesville v. Robinson*, 5th Dist. Muskingum App. No. 09-CA-39, 2010-Ohio-4843, ¶ 26. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal." *Musleve v. Musleve*, 5th Dist. Stark App. No. 2007CA00314, 2008-Ohio-3961, ¶ 21. Such deficiencies permit this court to dismiss Appellant's appeal. *State v. Darby*, 5th Dist. Richland App. No. 2019 CA 0013, 2019-Ohio-2186, ¶¶ 21-24.

**{¶10}** Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). We understand Appellant has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules

of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. Franklin No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See, also, State v. Hall*, 11th Dist. Trumbull No. 2007-T-0022, 2008-Ohio-2128, ¶ 11. Although "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules," *Oyler v. Oyler*, 5th Dist. Stark App. No. 2014CA00015, 2014-Ohio-3468, ¶¶ 18-19, we find Appellant's noncompliance with the appellate rules is significant and her brief lacks any cogent argument. "[F]airness and justice are best served when a court disposes of a case on the merits", however, we find this brief reflects a substantial disregard for the court rules which cannot be cured. *DeHart v. Aetna Life Ins. Co.,* 69 Ohio St.2d 189, 193, 431 N.E.2d 644 (1982). We "may not construct legal arguments in support of an appellant's appeal." *Whitehall v. Ruckman*, 10th Dist. Franklin No. 07AP-445, 2007-Ohio-6780, ¶ 20*, quoting State ex rel. Petro v. Gold,* 166 Ohio App.3d 371, 2006-Ohio-943, ¶ 94 (10th Dist.), *appeal not allowed*, 110 Ohio St.3d 1439, 2006-Ohio-3862, *reconsideration denied*, 111 Ohio St.3d 1418, 2006–Ohio–5083.

**{¶11}** Because we find Mother's brief in derogation of App.R. 16, we dismiss her appeal for want of prosecution pursuant to App.R. 18(C) and Loc.App.R. 5(B).

{¶12}  Mother's appeal is dismissed.


By: Hoffman, P.J.

Delaney, J.  and

King, J. concur