[Cite as *State v. Bowers*, 2016-Ohio-5150.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2016-0004 |
| | : | |
| HEATHER M. BOWERS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Muskingum County
                            Court of Common Pleas, Case No.
                            CR2015-0149


JUDGMENT:                   AFFIRMED


DATE OF JUDGMENT ENTRY:     July 25, 2016


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

D. MICHAEL HADDOX                       KORT GOTTERDAM
MUSKINGUM CO. PROSECUTOR                280 Plaza, Suite 1300
JOHN F. LITLE, III                      280 North High St.
27 North Fifth St., P.O. Box 189        Columbus, OH 43215
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1}   Appellant Heather M. Bowers appeals from the December 15, 2015 Entry of the Muskingum County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The following facts are adduced from the record of the plea and sentencing hearings before the trial court, and also from the pre-sentence investigation (P.S.I.) which was filed under seal as part of the appellate record.

{¶3}   On November 15, 2013, appellant operated a vehicle on Virginia Ridge Road in Muskingum County, Ohio.  The vehicle traveled off the right side of the road and struck two trees.  Appellant was ejected from the vehicle.  Appellant's front-seat passenger, Michael A. Miller Jr., was killed.  Appellant's two back seat passengers, Tiffany Bell and Cody West, were seriously injured.

{¶4}   The Ohio State Highway Patrol investigated the crash.  Appellant claimed she was traveling 35 miles per hour and swerved to avoid a deer, causing her to lose control of the vehicle.  Appellant denied drinking and drug use prior to the crash but admitted to smoking marijuana approximately 15 hours prior to driving.

{¶5}   Investigators dispatched a Drug Recognition Expert (D.R.E.) to the hospital but this person was unable to evaluate appellant because she had been given pain medication. A witness claimed appellant drank, smoked marijuana, and took prescription medication prior to the crash.  Appellant told an investigator she may have taken Tramadol prior to the crash.  Her voluntary drug and urine samples, however, yielded negative results for alcohol but positive for the metabolite of marijuana.

{¶6} Crash reconstruction indicated appellant's speed at the time of the crash was 62 to 67 miles per hour.

{¶7} Appellant was originally charged by indictment on April 22, 2015 with multiple counts of aggravated vehicular homicide, aggravated vehicular assault, and O.V.I. Bond was set at $100,000 cash, property, or surety. Appellant was arrest on April 26, 2015. On June 11, 2015, appellant's bond was reduced to $20,000 cash, property, or surety and appellant posted bond on June 18, 2015.

{¶8} On September 11, 2015, the trial court found appellant violated her bond conditions because she was arrested on new charges. Her bond in the instant case was revoked. A separate entry ordered bond of $75,000 cash, property, or surety.

{¶9} On November 9, 2015, appellant entered pleas of guilty to one count of reckless homicide pursuant to R.C. 2903.041(A), a felony of the third degree (Count I, as amended) and two counts of vehicular assault pursuant to R.C. 2903.08(A)(2)(b), both felonies of the fourth degree (Counts IV and VI). The remaining counts of the indictment were dismissed. The trial court ordered a P.S.I.

{¶10} The P.S.I. notes that on March 18, 2015, appellant was convicted of one count of theft in Muskingum County Court case number 1500194, a misdemeanor of the first degree. The P.S.I. states:

> [Appellant] was offered a diversion program but she failed to
>
> complete. [Appellant] was caught stealing in the above case.[1] Due

---

[1] Case number 1500194 occurred when appellant shoplifted a "car seat cover" from WalMart with her sister. She also had a subsequent misdemeanor theft conviction in Muskingum County Court case number 1500749 on September 11, 2015, in which she was caught stealing groceries. The latter case resulted in 180 days "shelved" and in imposition of the 180-day sentence on the first case.

to failing to complete the program and the new offense, [appellant] was sentenced to **180 days in jail beginning on September 30, 2015 giving her a release date of March 7, 2016**. (Emphasis in original.)

{¶11} The matter proceeded to sentencing on December 14, 2015. Appellee indicated appellant would be given 54 days of jail-time credit, noting that time "does reflect a 180-day jail sentence that [appellant] received in County Court while this case was pending." Appellant objected to the amount of jail-time credit, noting 54 days covered April through June, but argued she should be given additional credit for the time spent in jail from September 4th through the sentencing date of December 14th.

{¶12} The trial court imposed a prison term of two years upon Count I and one year each upon Counts IV and VI, to be served consecutively for a total prison sentence of 4 years. The trial court ordered jail-time credit for 54 days.

{¶13} Appellant now appeals from the sentencing Entry of the Muskingum County Court of Common Pleas dated December 15, 2015.

{¶14} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶15} "THE TRIAL COURT ERRED IN CALCULATING APPELLANT'S JAIL-TIME CREDIT CONTRARY TO R.C. 2967.191, R.C. 2929.41, AND APPELLANT'S RIGHT TO EQUAL PROTECTION."

## ANALYSIS

{¶16} In her sole assignment of error, appellant argues she should have received jail-time credit for the period from September 10, 2015 through December 14, 2015. We disagree.

{¶17} Appellant argues the trial court should have credited appellant with the time she served in jail upon the unrelated misdemeanor theft case and failure to do so violates R.C. 2967.191:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total

number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶18} Appellant served the period of September 10, 2015 through December 14, 2015 because she committed an unrelated misdemeanor theft offense. It is well-established "that time spent serving a jail sentence in another case will not be credited toward another felony case, even if the felony was pending at the time of the service of the jail sentence." *State v. Norman*, 5th Dist. Muskingum No. CT2012-0061, 2013-Ohio-1866, ¶ 24, citing *State v. Marini,* 5th Dist. Tuscarawas No. 09–CA–6, 2009–Ohio–4633.

{¶19} The language of R.C. 2967.191 does not allow a convicted person to turn his confinement for various convictions into a "bank" of jail time that he "withdraw" as needed for pending felony offenses. *Marini,* supra, 2009-Ohio-4633 at ¶ 22.See also, e.g., *State v. Washington*, 1st Dist. Hamilton No. C-050462, 2006-Ohio-4790, ¶ 8 [defendant should not have received jail-time credit for offenses separate and apart from offense for which he was sentenced]; *State v. Brooks*, 9th Dist. Lorain No. 05CA008786, 2006-Ohio-1485, ¶ 6 [plain language of R.C. 2967.191 provides defendant shall only receive jail time credit for confinement related to the instant offense for which he was convicted, citing *State v. McWilliams*, 126 Ohio App.3d 398, 401, 710 N.E.2d 729 (2nd Dist.1998)]; *State v. Goehring,* 6th Dist. Ottawa No. OT-03-035, 2004-Ohio-5240, ¶ 5 [trial court properly held appellant "cannot under any stretch of the imagination receive credit against his felony time for those days he spent incarcerated by the Municipal Court after sentence on separate and distinct matters"].

{¶20} Appellant is not entitled to jail-time credit for confinement arising from the unrelated misdemeanor theft offense. Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶21} Appellant's sole assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J. and

Farmer, P.J.

Baldwin, J., concur.