[Cite as *State v. Darby*, 2019-Ohio-2186.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2019 CA 0013 |
| ARTHUR L. DARBY | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                                        Pleas, Case No.  1992 CR 0455


JUDGMENT:                                        Affirmed


DATE OF JUDGMENT ENTRY:        June 3, 2019


APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

GARY BISHOP                                    ARTHUR L. DARBY
PROSECUTING ATTORNEY                PRO SE
JOSEPH C. SNYDER                          FCI Gilmer
ASSISTANT PROSECUTOR                Post Office Box 6000
38 South Park Street                          Glenville, WV  26351
Mansfield, Ohio  44902

*Wise, John, P. J.*

{¶1}   Appellant Arthur L. Darby appeals the January 17, 2019, decision of the Richland County Court of Common Pleas denying his Petition to Vacate or Set Aside Judgment of Conviction or Sentence.

{¶2}   Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}   The relevant facts and procedural history are as follows:

{¶4}   On April 29, 1992, Appellant Arthur Darby was charged in Case No. 92–CR–455H with five (5) counts of aggravated trafficking of a Scheduled II controlled substance, in violation of R.C. §2925.03(A)(1). Appellant had been previously convicted of a felony drug abuse offense in Case No. 88–CR–248, therefore his violations of R.C. §2925.03(A)(1) were felonies of the second degree.

{¶5}   Appellant pled guilty to the charges.

{¶6}   On May 7, 1993, the trial court sentenced Appellant to serve five to fifteen (15) years in prison on count one and to serve three (3) to fifteen (15) years in prison on counts two through five. The prison term for count one was to be served consecutively to the prison terms for counts two through five, for a total sentence of eight (8) to fifteen (15) years.

{¶7}   Appellant did not appeal his sentence.

{¶8}   On July 8, 1994, the trial court considered a motion filed by Appellant for suspension of his sentence pursuant to R.C. §2947.061. The trial court granted the motion and Appellant's sentence was suspended. The trial court placed Appellant on

shock probation for five (5) years. Neither Appellant nor the State appealed the trial court's order granting shock probation.

**{¶9}** On June 7, 1996, Appellant's shock probation was unsatisfactorily terminated.

**{¶10}** On September 9, 2013, Appellant filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence. He argued his sentence in 92–CR–455H was void because the trial court was statutorily prohibited from granting him shock probation. Appellant stated the federal government was considering his sentence in 92–CR–455H in a federal pre-sentencing report.

**{¶11}** The State filed a response to Appellant's petition for post-conviction relief. The State argued Appellant's petition for post-conviction relief was untimely and should be denied.

**{¶12}** Appellant filed a reply on September 20, 2013.

**{¶13}** On September 20, 2013, the trial court denied Appellant's petition for post-conviction relief.

**{¶14}** Appellant filed an appeal of the September 20, 2013, judgment entry. This court dismissed Appellant's appeal on January 21, 2014, for failure to prosecute.

**{¶15}** On September 8, 2014, Appellant filed a Motion to Correct a Void or Voidable Sentence. Appellant raised the same arguments in his motion as he did in his petition for post-conviction relief. The State filed a response on September 29, 2014. The State argued Appellant's arguments were barred by res judicata.

**{¶16}** By Judgment Entry filed October 7, 2014, the trial court denied Appellant's motion.

**{¶17}** Appellant appealed and this Court found said appeal to be without merit. *See State v. Darby*, 5th Dist. Richland No. 14CA80, 2015-Ohio-2076

**{¶18}** On January 1, 2019, Appellant filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence.

**{¶19}** By Judgment Entry filed January 17, 2019, the trial court denied Appellant's petition, finding same to be res judicata.

**{¶20}** Appellant now appeals.

*App.R. 16*

**{¶21}** Initially, we note that appellant's pro se brief does not comply with the rules for a proper brief as set forth in App.R. 16(A). Appellant's pro se brief in support of his appeal fails in almost every respect to comply with the requirements governing the content of the brief of the Appellant. App.R.16 (A)(1)-(7). Briefs filed in this Court, whether by counsel or pro se, must comply with App.R. 16.

**{¶22}** Appellant's brief does not include a statement of the assignments of error for review or a reference to the place in the record where each error is reflected, in violation of App.R. 16(A)(3). His brief does not include a table of cases, statutes, and other authority, in violation of App.R. 16(A)(1) and (2). Appellant's brief does not include a statement of the issues presented for review, as required by App.R. 16(A)(4), or a brief statement of the case, as mandated by App.R. 16(A)(5).

**{¶23}** Most importantly, Appellant has failed, *inter alia*, to set forth any assignments of error or propositions of law or cite to the record in this matter. App.R. 16(A)(3) requires that a brief contain assignments of error presented for review on appeal, and that they be included in a separate statement.

**{¶24}** Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). Such deficiencies permit this Court to dismiss appellant's appeal.

**{¶25}** Notwithstanding the omissions in Appellant's brief, in the interests of justice and finality we elect to review what we believe are the issues raised in Appellant's appeal.

**I.**

**{¶26}** In his brief, Appellant appeals the denial of his petition to vacate or set aside judgment of conviction or sentence.

**{¶27}** Upon review, we find that this argument was raised in Appellant's prior appeal to this Court wherein this Court upheld the trial court's denial of Appellant's motion to correct a void or voidable sentence.

{¶28} Based on the foregoing, we find Appellant's arguments are barred by the doctrine of res judicata.

{¶29} Accordingly the judgment of the Court of Common Pleas, Richland County, Ohio, is affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0528