[Cite as *State v. Jenkins*, 2021-Ohio-745.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2020AP100021 |
| | : | |
| JERMOND A. JENKINS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Tuscarawas County
                               Court of Common Pleas, Case No.
                               2016CR0242

JUDGMENT:                      AFFIRMED

DATE OF JUDGMENT ENTRY:        March 11, 2021

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

RYAN STYER                                 JERMOND A. JENKINS, PRO SE
TUSCARAWAS CO. PROSECUTOR                  #A690-515
MICHAEL ERNEST                             Ohio Dept. of Rehabilitation & Correction
125 East High Avenue                       P.O. Box 540
New Philadelphia, OH 44663                 St. Clairsville, OH 43950

*Delaney, J.*

{¶1} Appellant Jermond A. Jenkins appeals from the September 1, 2020 Judgment Entry of the Tuscarawas County Court of Common Pleas denying his Motion for Reconsideration of a motion for jail time credit. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following facts are adduced from appellee's response in opposition to appellant's motions for judicial release. This case arose when appellant was an accomplice to the shooting of Rickie D. Brandon in Tuscarawas County. Appellant drove the shooter, Japierre M. Morris, in his vehicle to Brandon's home to carry out the shooting, used the vehicle to flee the scene, led a high-speed chase into Stark County, and ultimately crashed the getaway vehicle into another vehicle. Appellant caused severe injuries to others during the course of these events.

{¶3} In September 2016, appellant was charged by indictment with complicity to commit the offenses of attempted murder, felonious assault, and improper handling of firearms in a motor vehicle in the instant Tuscarawas County case. Each offense was accompanied by a firearm specification. Appellant ultimately entered pleas of guilty to one count of aggravated assault [Count I] and one count of having weapons while under disability [Count II].

{¶4} The matter proceeded to sentencing on May 2, 2017. The trial court imposed a prison term of 12 months upon Count I and 36 months upon Count II, to be served consecutively for an aggregate prison term of 48 months. The trial court further ordered, e.g., appellant's prison term was to be "served concurrently with the [appellant's]

current term of state penal incarceration" and appellant was entitled to zero (0) days credit toward state penal incarceration.

{¶5}   Appellant did not file a direct appeal of his convictions and sentence.

{¶6}  On November 6, 2017, appellant filed a motion for judicial release.  Appellee opposed the motion with a memorandum contra. On November 28, 2017, the trial court overruled the motion for judicial release.

{¶7} On August 13, 2018, appellant filed a second motion for judicial release, which appellee again opposed. We note appellant's motion contained the following statement in Footnote 1 at page 1:

> The date of May 4, 2017 is when [appellant] entered the prison system for this offense. As the Court knows, at the time [appellant] committed the offense here, he was under indictment in Case No. 2016CR1359 in Stark County Common Pleas Court [for the offense of failure to comply].  On September 23, 2016, [appellant] pled guilty to that offense and was sentenced to two years imprisonment, with jail-time credit of 71 days.  That sentence expired on July 14, 2018.

{¶8} We note the arguments raised by appellant in the motions for judicial release and motions for jail-time credit because he made different factual assertions in different motions.

{¶9} The trial court overruled the second motion for judicial release on August 29, 2018.

{¶10} On February 6, 2019, appellant filed a motion for jail-time credit stating he was delivered into state custody on July 11, 2016; he served 72 days beginning July 11,

2016 at the Stark County Jail; he served 61 days beginning September 21, 2016 in the Lorain Correctional Institute; and he served 223 days in the Belmont Correctional Institution. Appellant argued he was entitled to an additional 294 days of jail-time credit.

{¶11} The trial court overruled appellant's motion for jail-time credit on February 20, 2019, noting appellant began serving a prison term for Stark County on September 21, 2016; he was served with the indictment in the instant case on September 28, 2016; he was granted a recognizance bond at arraignment in the instant case due to his contemporaneous incarceration in a state penal institution; and he was sentenced to an aggregate term of 48 months in prison to be served concurrently with the Stark County prison term. The trial court concluded appellant was serving a prison term for Stark County upon an unrelated matter during the pendency of the instant case, for which he was not entitled to double jail-time credit.

{¶12} Appellant did not appeal from the trial court's entry of February 20, 2019.

{¶13} Appellant filed a third motion for judicial release on May 9, 2019. Appellee again filed a memorandum in opposition. The trial court overruled the motion for judicial release on May 24, 2019.

{¶14} On June 18, 2020, appellant filed a second motion for jail-time credit. This time he argued he was taken into custody by Stark County on July 13, 2016; he remained in jail due to a detainer from the Tuscarawas County Sheriff's Department; he was granted a recognizance bond on the instant case on September 30, 2016; and he was entitled to 79 days of jail-time credit.

{¶15} Appellee filed a response in opposition which contained an affidavit of a sergeant at the Tuscarawas County Sheriff's Department stating appellant was

transported to the Tuscarawas County Jail on September 28, 2016, from the Lorain Correctional Facility, where he was serving time on an unrelated case. He was arraigned upon the instant case on September 29, 2016, and returned to the Lorain Correctional Facility on September 30, 2016. On May 1, 2017, appellant was again booked into the Tuscarawas County Jail after transport from the Belmont Correctional Institution, where he was serving time on unrelated charges. He was arraigned upon the instant case on May 2, 2017, and returned to the Belmont Correctional Institution on May 4, 2017.

{¶16} On July 15, 2020, the trial court overruled appellant's motion for jail time credit.

{¶17} On July 16, 2020, appellant filed a fourth motion for judicial release.

{¶18} On July 27, 2020, appellant filed a motion for reconsideration of the trial court's judgment entry of July 15, 2020, asserting that the Stark County conviction and sentence is related to the instant case. To wit, appellant argues he was fleeing from the aggravated assault and having weapons while under disability in Tuscarawas County when he entered into Stark County, fled from the Ohio State Highway Patrol, and thereby committed the failure to comply offense.

{¶19} Appellee filed a memorandum in opposition and the trial court overruled the motion for judicial release on July 31, 2020.

{¶20} On September 1, 2020, the trial court overruled appellant's motion for reconsideration of the decision overruling his second motion for jail-time credit.

{¶21} Appellant now appeals from the trial court's judgment entry of September 1, 2020.

{¶22} Appellant's argument raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶23} "[THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR JAIL-TIME CREDIT.]"

**ANALYSIS**

{¶24} Appellant argues the trial court erred in overruling the motion to reconsider his motion for jail-time credit.  We disagree.

*Ohio App.R. 16*

{¶25} Initially, we note that appellant's pro se brief does not comply with the rules for a proper brief as set forth in App.R. 16(A). *State v. Darby*, 5th Dist. Richland No. 2019 CA 0013, 2019-Ohio-2186, ¶ 21. The brief in support of his appeal fails in almost every respect to comply with the requirements governing the content of an appellant's brief. *Id.,* citing App.R.16 (A)(1)-(7). Briefs filed in this Court, whether by counsel or pro se, must comply with App.R. 16.  *Id.*

{¶26} Appellant's brief does not include a statement of the assignments of error for review or a reference to the place in the record where each error is reflected, in violation of App.R. 16(A)(3). Nor does it include a table of cases, statutes, and other authority, in violation of App.R. 16(A)(1) and (2). Appellant's brief does not include a statement of the issues presented for review, as required by App.R. 16(A)(4), or a brief statement of the case, as mandated by App.R. 16(A)(5).  Most importantly, appellant has failed, *inter alia*, to set forth any assignments of error or propositions of law; App.R. 16(A)(3) requires that a brief contain assignments of error presented for review on appeal, and that they be included in a separate statement.

{¶27} Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). *Darby*, supra, 2019-Ohio-2186 at ¶ 25, citing *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). Such deficiencies permit this Court to dismiss appellant's appeal.

{¶28} Notwithstanding the omissions in appellant's brief, in the interests of justice and finality we elect to review what we believe are the issues raised in the instant appeal. *Darby*, supra, at ¶ 25.

*Appellant appeals from a ruling upon a "motion to reconsider"*

{¶29} Appellant appeals from the trial court's judgment entry overruling a motion to reconsider.

{¶30} It is well-settled that a motion for reconsideration of a final judgment in a criminal case is a nullity. *State v. Stillman,* 5th Dist. Fairfield No. 2005-CA-55, 2005-Ohio-6299, ¶ 36, internal citation omitted; *State v. Mills,* 5th Dist. Tuscarawas No. 2008 AP 09 0061, 2009-Ohio-5771, ¶ 15, appeal not allowed,124 Ohio St.3d 1493, 2010-Ohio-670, 922 N.E.2d 228.

{¶31} Nevertheless, despite these procedural and jurisdictional deficiencies, we note appellant raised a new argument in his motion to reconsider which the trial court addressed in the entry overruling same.

*Appellant is not entitled to jail-time credit for Stark County offense*

{¶32} Appellant had no success arguing he was entitled to jail-time credit for pretrial confinement pursuant to R.C. 2967.191, requiring the department of rehabilitation and correction to reduce the prison term of a prisoner by the total number of days that the

prisoner spent in pretrial detention. In the response to this argument, appellee pointed out that appellant was imprisoned on an entirely separate offense and conviction arising from Stark County during period for which he sought jail-time credit.

{¶33} Appellant then changed his argument midstream, inverting appellee's argument. Appellant next argued that because the Stark County conviction arose broadly from the "same offense" as the instant Tuscarawas County convictions, he should receive jail-time credit for both. Appellant essentially argues R.C. 2967.191 permits him the credit of two crimes for the price of one simply because he crossed county lines while committing offenses in multiple jurisdictions.

{¶34} Substantively, we find appellant's argument unavailing. The failure to comply in Stark County is a wholly separate offense from the aggravated assault and having weapons while under disability in Tuscarawas County. *See, State v. Bowers*, 5th Dist. Muskingum No. CT2016-0004, 2016-Ohio-5150, ¶ 19, citing *State v. Marini*, 5th Dist. Tuscarawas No. 09-CA-6, 2009-Ohio-4633, ¶ 16 ["The language of R.C. 2967.191 does not allow a convicted person to turn his confinement for various convictions into a 'bank' of jail time that he 'withdraws' as needed for pending felony offenses."]

{¶35} The trial court properly overruled the motion for jail-time credit, and properly overruled the motion to reconsider the motion for jail-time credit.

## CONCLUSION

{¶36} Appellant's sole assignment of error is overruled and the judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.