[Cite as *Riley v. Whitehouse*, 2021-Ohio-3798.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


APRIL L. RILEY

      Plaintiff-Appellant

-vs-

DARREN W. WHITEHOUSE

      Defendant-Appellee

JUDGES:
Hon. Craig R. Baldwin, P.J.
Hon. William B. Hoffman, J.
Hon. Earle E. Wise, Jr., J.

Case No. 21-CA-00005

O P I N I O N



CHARACTER OF PROCEEDINGS:     Appeal from the Perry County Court of
Common Pleas, Probate Division, Case
No. 20201057-1


JUDGMENT:     Appeal dismissed

DATE OF JUDGMENT ENTRY:     October 22, 2021


APPEARANCES:


For Plaintiff-Appellant

APRIL L. RILEY
2988 W. Poplar Ridge Road, N.W.
Malta, Ohio 43758-9682

For Defendant-Appellee

JOSEPH A. FLAUTT
111 North High Street
P.O. Box 569
New Lexington, Ohio 43764-0569

*Hoffman, J.*

**{¶1}** Plaintiff-appellant April L. Riley appeals the summary judgment entered by the Perry County Common Pleas Court, Probate Division, dismissing her complaint which alleged Defendant-appellee Darren W. Whitehouse exerted undue influence on Steven A. Embrey in the execution of Embrey's Last Will and Testament.

## STATEMENT OF THE CASE[1]

**{¶2}** Appellant filed the instant action pro se on October 5, 2020, alleging Appellee exerted undue influence on Steven Embrey in the execution of Embrey's will. Appellee filed an answer, denying the allegations in the complaint. Appellee filed a motion for summary judgment on January 7, 2021, accompanied by a supporting affidavit. Appellant failed to respond to appellee's motion for summary judgment. The Perry County Common Pleas Court, Probate Division, entered summary judgment on March 9, 2021, dismissing Appellant's complaint

**{¶3}** Appellant filed an appeal from the March 9, 2021, judgment of the trial court dismissing her complaint. Her brief filed with this Court does not set forth any assignments of error, instead raising two "questions" and a single "issue," with no discussion of the same.

**{¶4}** We begin by noting Appellant has failed to comply with App. R. 16, which provides:

> **Brief of the Appellant**. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

---

[1] A rendition of the facts is unnecessary to our resolution of this appeal.

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

{¶5} Appellant's brief does not satisfy the requirements of App. 16(A); therefore, her brief is noncompliant. Compliance with the above-stated rule is mandatory. *Zanesville v. Robinson*, 5th Dist. Muskingum App. No. 09-CA-39, 2010-Ohio-4843, ¶ 26. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to

comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal." *Musleve v. Musleve*, 5th Dist. Stark App. No. 2007CA00314, 2008-Ohio-3961, ¶ 21. Such deficiencies permit this court to dismiss Appellant's appeal. *State v. Darby*, 5th Dist. Richland App. No. 2019 CA 0013, 2019-Ohio-2186, ¶¶ 21-24.

**{¶6}** Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). We understand Appellant has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. Franklin No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See, also, State v. Hall*, 11th Dist. Trumbull No. 2007-T-0022, 2008-Ohio-2128, ¶ 11. Although "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules," *Oyler v. Oyler*, 5th Dist. Stark App. No. 2014CA00015, 2014-Ohio-3468, ¶¶ 18-19, we find Appellant's noncompliance with the appellate rules is significant and her brief lacks any cogent argument. "[F]airness and justice are best served when a court disposes of a case on the merits", however, we find this brief reflects a substantial disregard for the court rules which cannot be cured. *DeHart v. Aetna Life Ins. Co.,* 69 Ohio St.2d 189, 193, 431 N.E.2d 644 (1982). We "may not construct legal arguments in support of an appellant's appeal." *Whitehall v. Ruckman*, 10th Dist. Franklin No. 07AP-445, 2007-Ohio-6780, ¶ 20*, quoting State ex rel. Petro v. Gold,* 166 Ohio App.3d 371, 2006-Ohio-943, ¶ 94 (10th Dist.), *appeal not allowed*, 110 Ohio St.3d 1439, 2006-Ohio-3862, *reconsideration denied*, 111 Ohio St.3d 1418, 2006–Ohio–5083.

**{¶7}** Because we find Appellant's brief in derogation of App.R. 16, we dismiss her appeal for want of prosecution pursuant to App.R. 18(C) and Loc.App.R. 5(B).

**{¶8}** Appellant's appeal is dismissed.

By: Hoffman, J.

Baldwin, P.J. and

Wise, Earle, J. concur