[Cite as *Tate v. Prime Auto Sales, L.L.C.*, 2021-Ohio-4417.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| VALENCIA L. TATE | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2021CA00036 |
| PRIME AUTO SALES, LLC | |
| | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the City of Canton Municipal
                              Court, Case No. 2020-CVI-4547


JUDGMENT:                     Dismissed

DATE OF JUDGMENT ENTRY:       December 14, 2021


APPEARANCES:


For Plaintiff-Appellant              For Defendant-Appellee

VALENCIA L. TATE                     PRIME AUTO SALES, LLC
1080 E. 167th                        12823 Cleveland, N.W.
Cleveland, Ohio 44110                Uniontown, Ohio 44685-8084

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant Valencia Tate appeals the March 23, 2021 Judgment Entry entered by the Canton Municipal Court, which overruled her objections to the magistrate's March 11, 2020 decision and approved said decision as order of the court. Defendant-appellee is Prime Auto Sales, LLC.[1]

STATEMENT OF THE CASE[2]

**{¶2}** On November 13, 2020, Appellant filed a pro se complaint in the Canton Municipal Court, naming Appellee as defendant and seeking $2,400.00 in damages. Appellant alleged Appellee sold her an undriveable 2008 Chrysler Sebring.

**{¶3}** The magistrate conducted a hearing on February 25, 2021. Via Decision filed March 11, 2021, the magistrate dismissed Appellant's complaint and entered judgment in favor of Appellee. Appellant filed an objection to the magistrate's decision on March 23, 2021. Via Judgment Entry filed March 23, 2021, the trial court overruled Appellant's objections and approved the magistrate's decision as order of the court.

**{¶4}** Appellant filed the instant appeal from the March 23, 2021 Judgment Entry.

**{¶5}** We begin by noting Appellant has failed to comply with App.R. 16, which provides:

**Brief of the Appellant**. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

---

[1] Appellee has not filed a Brief in this matter.
[2] A rendition of the facts is unnecessary to our resolution of this Appeal.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

{¶6} Appellant's brief does not satisfy the requirements of App. 16(A); therefore, her brief is noncompliant. Compliance with the above-stated rule is mandatory. *Zanesville v. Robinson*, 5th Dist. Muskingum App. No. 09-CA-39, 2010-Ohio-4843, ¶ 26. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily

fatal." *Musleve v. Musleve*, 5th Dist. Stark App. No. 2007CA00314, 2008-Ohio-3961, ¶ 21. Such deficiencies permit this court to dismiss Appellant's appeal. *State v. Darby*, 5th Dist. Richland App. No. 2019 CA 0013, 2019-Ohio-2186, ¶¶ 21-24.

{¶7} Further, Appellant failed to file a transcript of the February 25, 2021 hearing as required by App.R. 9(B). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Lab.* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. Because Appellant has failed to provide this Court with the transcript, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth above in *Knapp,* supra.

{¶8} Because we find Appellant's brief in derogation of App.R. 16, we dismiss her appeal for want of prosecution pursuant to App.R. 18(C) and Loc.App.R. 5(B).

{¶9} Appellant's appeal is dismissed.


By: Hoffman, P.J.
Wise, John, J. and
Wise, Earle, J. concur