[Cite as *Franks v. Thomas*, 2025-Ohio-5314.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HAROLD FRANKS | Case No. 2025CA00016 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Canton Municipal Court, Case No. 2024-CVG-4118 |
| VERA THOMAS | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: November 24, 2025 |

**BEFORE:** William B. Hoffman, Robert G. Montgomery, Kevin W. Popham, Appellate Judges

**APPEARANCES:** Harold Franks, Pro se, for Plaintiff-Appellee; Vera Thomas, Pro se, for Defendant-Appellant

OPINION

*Hoffman, P.J.*

{¶1}  Defendant-appellant Vera Thomas appeals the February 13, 2025 Judgment Entry entered by the Canton Municipal Court, which overruled her objections to the January 29, 2025 magistrate's report entering judgment in favor of plaintiff-appellee Harold Franks for the amount of $4,051.00.[1]

STATEMENT OF THE FACTS AND CASE

{¶2}  Appellee owns rental property at 2026 2nd Street NE, Canton, OH ("the Property"). Appellant and Miles Clark, her son, rented the Property from Appellee. On

---

[1] Despite this Court granting Appellee two extensions of time, Appellee did not file a brief in this matter.

July 20, 2024, Appellee served Appellant and Clark with a Notice to Leave Premises, informing Appellant and Clark they must comply with the notice by August 1, 2024. On August 2, 2024, Appellee filed a complaint for forcible entry and detainer as well as payment of unpaid rent and other money damages in the Canton Municipal Court. The complaint named Appellant, Clark, and "All Occupants" (collectively, "Appellant, et al.") as defendants. The magistrate conducted a hearing on August 22, 2024. The magistrate issued a report on the same day, recommending a writ of restitution of the Property be ordered. The magistrate continued the hearing with regard to the second cause of action, to wit: monetary damages. The report included the following advisement:

> Defendant shall maintain a current address with the Clerk of Court.
>
> **WARNING:** Failure to maintain address may result in monetary judgment against you by default.
>
> August 22, 2024 Report of the Magistrate C.R. 53.

{¶3} Clark filed a timely objection to the magistrate's report. Clark's objection read, in toto:

> I Miles J. Clark am objecting my case due to neglegance [sic] of above said plaintiff. This landlord failed to provide safe and sanitary environment for his tenants.
>
> August 28, 2024 Objection to Report of Magistrate.

**{¶4}** Via Judgment Entry filed August 29, 2024, the trial court denied Clark's objection, and approved and confirmed the magistrate's report. Appellant did not file objections to the magistrate's August 22, 2024 report.

**{¶5}** Appellee filed a request for a hearing on his second cause of action on December 5, 2024. On the same day, the trial court issued a Notice of Second Cause Hearing, scheduling a hearing for December 18, 2024. The Clerk of Court sent notice of the hearing by ordinary U.S. mail to Appellant, et al. at 2026 2nd Street NE, Canton, OH 44704-2002. Appellant, et al. failed to appear and the magistrate continued the hearing until January 29, 2025. The magistrate also granted Appellee leave to file an amended complaint. The notice of the December 18, 2024 hearing was returned on December 26, 2024, marked "Return to Sender; Not Deliverable as Addressed; Unable to Forward" and the word "VACANT" handwritten across the envelope.

**{¶6}** On December 18, 2024, Appellee filed an amended complaint, increasing the damages sought from the original amount of $960.00, to $4,051.00. Upon notification from Appellee of Appellant, et al.'s updated address, the summons and amended complaint were sent via FedEx to Appellant, et al. at 1400 Sherrick Road SE, Canton, OH 44707-3533. FedEx delivered the summons and amended complaint on December 20, 2024, at 2:11 p.m. The package was signed by "D. Era."

**{¶7}** The magistrate conducted the hearing, as scheduled, on January 29, 2025. Appellant, et al. failed to appear. On the same day, the magistrate issued a report, recommending judgment in favor of Appellee in the amount of $4,051.00, plus interest and costs. On February 12, 2025, Appellant filed an objection to the magistrate's report

on behalf on herself, Clark, and her grandson, who also lived at the Property. Via Judgment Entry issued February 13, 2025, the trial court overruled Appellant's objection.

{¶8} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE CANTON MUNICIPAL COURT, THROUGH ITS CLERK OF COURTS, ERRED BY ENTERING JUDGMENT WITHOUT PROPER NOTICE TO APPELLANT, VIOLATING DUE PROCESS UNDER OHIO CIV.R. 53(D)(3)(b).

II. THE CANTON MUNICIPAL COURT ERRED BY FAILING TO RECOGNIZE RETALIATORY CHARGES UNDER OHIO REV. CODE 5321.02(A)(1).

III. THE CANTON MUNICIPAL COURT ERRED IN AWARDING $4,051 WITHOUT ITEMIZED EVIDENCE OF DAMAGES BEYOND NORMAL WEAR AND TEAR, VIOLATING OHIO REV. CODE 5321.12.

IV. THE CANTON MUNICIPAL COURT ERRED BY IGNORING THE LANDLORD'S BREACH OF HABITABILITY OBLIGATIONS UNDER OHIO REV. CODE 5321.04.

{¶9} We begin by noting Appellant's Brief fails to comply with App. R. 16, which provides, in relevant part:

**(A) Brief of the Appellant.** The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

\* \* \*

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

{¶10} Although Appellant's brief includes a statement of the assignments of error for review, such does not include a reference to the place in the record where each error is reflected, in violation of App.R. 16(A)(3). Appellant's brief also lacks a statement of the issues presented for review, in violation of App.R. 16(A)(4). Appellant's brief includes a statement of the case, however, such does not describe the nature of the case or the course of the proceedings, in violation of App.R. 16(A)(5). Similarly, although Appellant's brief includes a section captioned "Statement of Facts," such omits appropriate references to the record, in violation of App.R. 16(A)(6).

{¶11} Because Appellant's brief fails to satisfy the requirements of App. 16(A)(3), (4), (5), and (6); her brief is noncompliant. Compliance with the above-stated rule is mandatory. *Zanesville v. Robinson*, 2010-Ohio-4843, ¶ 26 (5th Dist.). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal." *Musleve v. Musleve*, 2008-Ohio-3961, ¶ 21 (5th Dist.). Such deficiencies permit this Court to dismiss Appellant's appeal. *State v. Darby*, 2019-Ohio-2186, ¶¶ 21-24 (5th Dist.). Notwithstanding the omissions in Appellant's brief, in the interests of justice and finality, we elect to review the appeal.

{¶12} In her first assignment of error, Appellant contends the trial court erred in entering judgment as she did not receive proper notice. Specifically, Appellant argues she "received no notice of the magistrate's report or judgment entry from the Canton Municipal Court, depriving her of objections under **Civ.R. 53(D)(3)(b)**." (Emphasis in the original.) Brief of Appellant at p. 4, unpaginated. We find the record belies Appellant's contention.

{¶13} Appellant appeared at the magistrate's initial hearing on August 22, 2024. The August 22, 2024 Report of the Magistrate C.R. 53 included the following advisement:

Defendant shall maintain a current address with the Clerk of Court.

**WARNING:** Failure to maintain address may result in monetary judgment against you by default.

August 22, 2024 Report of the Magistrate C.R. 53.

**{¶14}** The magistrate's report was mailed to Appellant, et al. at 2026 2nd St, NE, Canton, OH 44704-2002. Because Clark filed a timely objection to the magistrate's report, we find it likely Appellant received notice of the August 22, 2024 report.

**{¶15}** On December 5, 2024, the trial court scheduled a hearing on the second cause for December 18, 2024. The Clerk of Court sent notice of the hearing by ordinary U.S. mail to Appellant, et al. at 2026 2nd Street NE, Canton, OH 44704-2002. Appellant, et al. failed to appear on December 18, 2024, and the magistrate rescheduled the hearing for January 29, 2025. The notice of the December 18, 2024 hearing was returned to the Clerk on December 26, 2024, marked "Return to Sender; Not Deliverable as Addressed; Unable to Forward" and the word "VACANT" handwritten across the envelope.

**{¶16}** Appellee filed an amended complaint on December 18, 2024. Appellee provided the Clerk with an updated address for Appellant, et al. The Clerk sent the summons and amended complaint via FedEx to Appellant, et al. at 1400 Sherrick Road SE, Canton, OH 44707-3533. FedEx delivered the summons and amended complaint on December 20, 2024, at 2:11 p.m. The package was signed by "D. Era."[2]

**{¶17}** Appellant, et al. failed to appear at the January 29, 2025 hearing. There is nothing in the record to establish Appellant, et al. did not receive notice of the hearing. The magistrate issued a report on January 29, 2025, entering judgment in favor of Appellee in the amount of $4,051.00, plus interest and costs. The January 29, 2025 magistrate's report was sent to Appellant, et al. at 1400 Sherrick Road, SE, Canton, OH, the same address to which the Clerk sent via FedEx the summons and amended

---

[2] We note the similarity between the signature "D. Era" and Appellant's first name "Vera."

complaint. On February 12, 2025, Appellant filed an objection to the magistrate's report. The fact Appellant filed objections strengthens the inference Appellant received notice of the January 29, 2025 hearing.

**{¶18}** We find any alleged lack of notice of the magistrate's report and/or the trial court's judgment entry is attributable to Appellant, not the trial court or the Clerk. In his August 22, 2024 report, the magistrate instructed Appellant to maintain a current address with the Clerk. Appellant failed to do so. Appellant's address was actually updated by Appellee. Furthermore, parties have the responsibility to keep themselves apprised of the court's entries to the docket. See *Platinum Restoration Contrs., Inc. v. Salti*, 2023-Ohio-4426, ¶ 12 (8th Dist.); *State Farm Mut. Auto. Ins. Co. v. Peller*, 63 Ohio App. 3d 357, 360 (8th Dist. 1989). Appellant could have and should have kept herself informed of the status of the case.

**{¶19}** Appellant's first assignment of error is overruled.

II, III, IV

**{¶20}** We elect to address Appellant's remaining assignments of error together. In her second assignment of error, Appellant maintains the trial court failed to recognize retaliatory action, in violation of R.C. 5321.02(A)(1). In her third assignment of error, Appellant challenges the trial court's award of $4,051, as there was no evidence of damages beyond normal wear and tear. In her fourth assignment of error, Appellant argues the trial court ignored Appellee's breach of his obligation to keep the Property habitable, in violation of R.C. 5321.04.

**{¶21}** Appellant failed to provide this Court with transcripts of the August 22, 2024, and January 29, 2025 hearings as required by App.R. 9(B). "When portions of the

transcript necessary for resolution of the assigned error(s) are omitted from the record, the court has no choice but to presume the validity of the lower court's proceedings, and to affirm." *Knapp v. Edwards Labs.*, 61 Ohio St.2d 197, 199 (1980). Because we have no record of what occurred in the trial court properly before us, we presume the regularity of the proceedings below and affirm.

{¶22} We note Appellant has attempted to supplement her arguments with factual information within and attached to her appellate brief. This Court has no way to verify this information was submitted to the trial court; therefore, we have not reviewed the material.

{¶23} Appellant's second, third, and fourth assignments of error are overruled.

{¶24} The judgment of the Canton Municipal Court is affirmed. Costs to Appellant.

By: Hoffman, P.J.

Montgomery, J. and

Popham, J. concur