[Cite as *Pisani v. Schleig*, 2025-Ohio-5794.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SILAS M. PISANI, LEGAL GUARDIAN OF THE ESTATE OF CHARLOTTE SCHLEIG | Case No. 2025CA00066 |
| Plaintiff – Appellee | Opinion and Judgment Entry |
| -vs- | Appeal from the Stark County Court of Common Pleas, Probate Division, Case No. 250721 |
| CHARLOTTE SCHLEIG, ET AL., | |
| Defendants | Judgment: Appeal Dismissed |
| and | Date of Judgment Entry: December 29, 2025 |
| ROGER GATES | |
| Defendant - Appellant | |

**BEFORE:** William B. Hoffman, Andrew J. King, David M. Gormley, Appellate Judges

**APPEARANCES:** Roger Gates. Defendant-Appellant, pro se

OPINION

*Hoffman, P.J.*

{¶1} Defendant-appellant Roger Gates appeals the judgments entered by the Stark County Common Pleas Court, Probate Division, ordering him to cooperate with the appraisal of real property and overruling numerous motions filed by Appellant. Plaintiff-appellee is Silas M. Pisani, legal guardian of the estate of Charlotte Schleig (hereinafter "the Ward").

STATEMENT OF THE CASE

{¶2} On November 4, 2024, Appellee filed a complaint in the Stark County Common Pleas Court, Probate Division, for authority to sell real property owned by the Ward, who resides in a nursing care facility. The real estate in question is located in Canton, Ohio. The named defendants included Appellant, whose residential address as set forth in the complaint is the same as the property of the Ward which Appellee sought authority to sell. Appellant filed numerous motions in objection to the sale of the property. On May 22, 2025, the trial court ordered an appraisal of the property and ordered Appellant to cooperate with the appraisal. By separate entry filed May 22, 2025, the trial court also summarily overruled Appellant's pending motions. It is from the May 22, 2025, judgments of the trial court Appellant prosecutes his appeal.

{¶3} App. R. 16(A) sets forth the requirements of an appellate brief:

(A) **Brief of the appellant**. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

{¶4} Appellant's brief does not satisfy the requirements of App. 16(A); therefore, the brief is noncompliant. Compliance with the above-stated rule is mandatory. *Zanesville v. Robinson,* 2010-Ohio-4843, ¶ 26 (5th Dist.). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal." *Musleve v.*

*Musleve,* 2008-Ohio-3961, ¶ 21 (5th Dist.). Such deficiencies permit this court to dismiss Appellant's appeal. *State v. Darby,* 2019-Ohio-2186, ¶¶ 21-24 (5th Dist.).

{¶5} We understand Appellant has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 2006-Ohio-3316, ¶ 9 (10th Dist.). Although "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules," *Oyler v. Oyler,* 2014-Ohio-3468, ¶¶ 18-19 (5th Dist.), we find Appellant's noncompliance with the appellate rules is significant and his brief lacks any cogent argument. "[F]airness and justice are best served when a court disposes of a case on the merits"; however, we find Appellant's brief in the instant case reflects a substantial disregard for the court rules which cannot be cured. *DeHart v. Aetna Life Ins. Co.,* 69 Ohio St.2d 189, 193 (1982). We "may not construct legal arguments in support of an appellant's appeal." *Whitehall v. Ruckman*, 2007-Ohio-6780, ¶ 20 (10th Dist.), *quoting State ex rel. Petro v. Gold,* 2006-Ohio-943, ¶ 94 (10th Dist.).

**{¶6}** Because we find Appellant's brief so completely in derogation of App.R. 16, we dismiss his appeal for want of prosecution pursuant to App.R. 18(C). Costs are assessed to Appellant.

By: Hoffman, P.J.

King, J. and

Gormley, J. concur