[Cite as *Grippando-Wright v. Smith*, 2026-Ohio-332.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TABETHA GRIPPANDO-WRIGHT | Case No. 2025 CA 00068 |
| Defendant - Appellant | Opinion and Judgment Entry |
| -vs- | Appeal from the Licking County Court of Common Pleas, Case No. 24 CV 00996 |
| TRENELL SMITH, ET AL., | Judgment: Appeal Dismissed |
| Plaintiffs - Appellees | Date of Judgment Entry: February 2, 2026 |

**BEFORE:** Andrew J. King, William B. Hoffman, Robert G. Montgomery, Appellate Judges

**APPEARANCES:** Tabetha Grippando-Wright, Pro se, for Defendant-Appellant; Jeremy R. Abrams, Korey M. Kidwell, Cynthia A. Cunningham, Kidwell & Cunningham, Ltd., for Plaintiffs-Appellees

OPINION

*Hoffman, J.*

{¶1}   Defendant-appellant Tabetha Grippando appeals the August 15, 2025 Judgment Entry entered by the Licking County Court of Common Pleas, which granted summary judgment in favor of plaintiffs-appellees Trennell Smith, et al.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant is the adopted daughter of Rex E. Wright.  Wright had no other children, biological or adopted.  Wright owned real property located at 10550 Blacksnake Road, Saint Louisville, Ohio 43701 ("the Property").  On May 1, 2014, Wright designated Appellant as the transfer on death beneficiary of the Property. The Transfer on Death Designation Affidavit was filed as Instrument No. 201405020007928, in the Licking County, Ohio, Official Records on May 2, 2014.

{¶3}   On October 22, 2021, Wright and Appellees entered into a Residential Lease Agreement with Purchase Option ("the Lease Agreement"), which granted Appellees the right to purchase the Property on or before October 31, 2026, for a purchase price of $185,000.  Pursuant to the terms of the Lease Agreement, Appellees were to pay Wright $700.01/month and pay the bi-annual property taxes.  Initially, Appellees made the monthly payments to Wright. Then, in 2023, Wright requested Appellees make the rental payments directly to CES Credit Union, his lender. Appellees complied with Wright's request and tendered all subsequent monthly payments to CES Credit Union.

{¶4}   Wright passed away on May 8, 2024, and the Property transferred to Appellant. On July 31, 2024, Appellees sent to Appellant via UPS written notice of their

intent to exercise the option to purchase under the Lease Agreement. Appellant received the notice on August 5, 2024. Appellant refused to comply with the purchase option set forth in the Lease Agreement.

{¶5} On August 8, 2024, Appellees filed a complaint against Appellant for breach of contract and declaratory judgment. Appellant filed an answer and counterclaim for declaratory judgment on September 12, 2024. Appellees filed an answer to Appellant's counterclaim on September 19, 2024.

{¶6} On October 16, 2024, Appellees filed a motion for summary judgment. Therein, Appellees argued the Lease Agreement was valid and enforceable and Appellant's interest in the Property was subject to the Lease Agreement. In support of their motion, Appellees attached the affidavits of Appellee Hunter and Appellee Smith as well as Justin Bell, Wright's step-grandson; Bill Bell, Wright's stepson; and Attorney Jeremy R. Abrams, who witnessed Appellees and Wright sign the Lease Agreement on October 22, 2021.

{¶7} Appellant filed a memorandum contra and her own motion for summary judgment on November 12, 2024. In her memorandum contra Appellees' motion for summary judgment, Appellant asserted the Lease Agreement did not include an option to purchase, the Lease Agreement terminated upon Wright's death pursuant to its express terms, and there was no legal basis for severing the provisions suggested by Appellees. In her motion for summary judgment, Appellant maintained she was entitled to declaratory judgment on her counterclaim, explaining, based upon the plain language of the Lease Agreement, the Lease Agreement terminated because Appellees never took

possession of the Property and because Appellees recorded the Lease Agreement, contrary to the terms thereof.[1]

**{¶8}** Appellees filed a reply to Appellant's motion contra to Appellees' motion for summary judgment as well as a motion contra to Appellant's motion for summary judgment on December 11, 2024. Appellant filed a reply in support of her motion for summary judgment on December 26, 2024.

**{¶9}** Via Judgment Entry filed August 15, 2025, the trial court granted Appellees' motion for summary judgment. The trial court found neither Appellees nor Wright terminated the Lease Agreement and the Lease Agreement had not automatically terminated based upon specific events as Appellant maintained. The trial court further found the Lease Agreement remained in force at the time Appellees notified Appellant of their intent to exercise the purchase option and the purchase option itself was valid.

**{¶10}** It is from this judgment entry Appellant appeals.

**{¶11}** We begin by noting Appellant's Brief fails to comply with App. R. 16, which provides, in relevant part:

> (A) Brief of the Appellant. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
>
> (1) A table of contents, with page references.
>
> (2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

---

[1] Paragraph 24 of the Lease Agreement provides Appellees may not record the Lease Agreement "on the Public Records of any public office" and, if Appellees violate that provision, "this [Lease] shall, at Landlord's option, terminate immediately[.]"

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

{¶12} Appellant's brief fails to satisfy any of the requirements of App. 16(A); therefore, the brief is noncompliant. Compliance with the above-stated rule is mandatory. *Zanesville v. Robinson*, 2010-Ohio-4843, ¶ 26 (5th Dist.). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal." *Musleve v. Musleve*, 2008-Ohio-3961, ¶ 21 (5th Dist.). Such deficiencies permit this Court to dismiss Appellant's appeal. *State v. Darby*, 2019-Ohio-2186, ¶¶ 21-24 (5th Dist.).

**{¶13}** We understand Appellant has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.). Although "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules," *Oyler v. Oyler*, 2014-Ohio-3468, ¶¶ 18-19 (5th Dist.), we find Appellant's noncompliance with the appellate rules is significant and her brief lacks any cogent argument. "[F]airness and justice are best served when a court disposes of a case on the merits"; however, we find Appellant's brief in the instant case reflects a substantial disregard for the Court's rules, which cannot be cured. *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193 (1982). We "may not construct legal arguments in support of an appellant's appeal." *Whitehall v. Ruckman*, 2007-Ohio-6780, ¶ 20 (10th Dist.), *quoting State ex rel. Petro v. Gold*, 2006-Ohio-943, ¶ 94(10th Dist.).

{¶14} Because we find Appellant's brief so completely in derogation of App.R. 16, we dismiss her appeal for want of prosecution pursuant to App.R. 18(C). Costs are assessed to Appellant.

By: Hoffman, J.

King, P.J. and

Montgomery, J. concur